UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 16-85-DCR-1 |
| | ) | |
| V. | ) | |
| | ) | |
| ROBERT LEE SHIELDS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

This matter is pending for consideration of Defendant Robert Lee Shields' objection to the imposition of statutory enhanced penalties in this case. [Record No. 170] The parties have briefed the issues presented by the defendant's motion. [Record Nos. 170, 175, 179] Additionally, the Court held a hearing and heard arguments on the motion on January 25, 2018. After careful review, the objection will be overruled for the reasons that follow.

## I.

Shields was the source of drugs that resulted in the death of one person and serious bodily injury to at least three others in Montgomery County, Kentucky, in August 2016. [*See* Record No. 126.] The United States made a plea offer after Shields was arrested, indicating that it would not file a § 851 notice if he provided substantial assistance to law enforcement. [Record No. 130-1] Upon receiving the offer, Shields' attorney informed him that the filing of a § 851 notice could potentially subject him to a mandatory life sentence, but he could not be subject to a *mandatory* life sentence if a § 851 notice was not filed. [*Id.*] Shields rejected

the offer. He was indicted the following week for conspiracy to distribute fentanyl and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 10]

The letter from Shields' attorney dated September 15, 2016, stated in relevant part:

> The Assistant United States Attorney has told me that if you are willing to provide substantial assistance to law enforcement, then he will consider not filing a notice under 21 U.S.C.§ 851 that would potentially subject you to a mandatory life sentence. If he does not file a § 851 notice, then you could not be subject to a mandatory life sentence, although the sentencing guidelines (which are advisory, not mandatory) could still be computed in such a way as to produce a recommended life sentence.

[Record No. 130-1][1]

The United States filed a § 851 notice two days after the original indictment was returned. [Record No. 15] The notice informed Shields that, if he were convicted, he would be subject to an enhanced punishment under 21 U.S.C. § 841(b)(1), based on the following prior convictions: (i) a 2007 Ohio conviction for trafficking in cocaine; (ii) a 2009 Ohio conviction for trafficking in cocaine; and (iii) a 2011 Ohio conviction for possession of heroin.[2] [*Id.*]

---

[1] The letter from Shields' first attorney appointed under the Criminal Justice Act ("CJA") was filed by Shields along with a letter to the Court on August 18, 2017. Shields later requested appointment of a new attorney. That request was granted and Andrew Stephens was appointed pursuant to the CJA. Following trial, Shields also became disgruntled with his second attorney and, at his request, a third attorney was appointed.

[2] The original § 851 notice incorrectly provided the case numbers for these convictions as 05-CR-256-1, 08-CRA-38686, and 10-CRA-32344, respectively. [Record No. 15] The United States subsequently filed an amended notice stating that the correct case numbers are 07-CR-07457, 08-CR-08363, and 10-CR-06687. [Record No. 172] The amended notice also clarified that the final judgment for the 2009 conviction for trafficking in cocaine was issued on February 17, 2009, not February 24, 2009, as the original notice indicated, and that the final judgment for the 2011 conviction for possession of heroin was issued on September 19,

Three superseding indictments were subsequently returned against Shields, modifying the original count and adding two additional counts. [Record Nos. 40, 57, 86] The United States did not file an updated or amended § 851 notice after the superseding indictments were returned. The third superseding indictment charged Shields with three counts: (i) conspiracy to distribute carfentanil, fentanyl, and/or heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846; (ii) distribution of carfentanil, the use of which resulted in death, in violation of 21 U.S.C. § 841(a)(1); and (iii) distribution of carfentanil, the use of which resulted in serious bodily injury, in violation of 21 U.S.C. § 841(a)(1). [Record No. 86] Shields was found guilty of all three counts following a four-day jury trial. [Record No. 126]

The Court conducted a § 851(b) colloquy with Shields at the close of the trial. [Record No. 139, p. 51-56] The Court explained that the prior felony convictions listed in the § 851 notice could subject Shields to an increased penalty of 30 years of imprisonment for count one and life imprisonment for count two, and that Shields must raise any challenge to the prior convictions before his sentence was imposed. [*Id.* at p. 52-3] The Court then read the convictions listed in the § 851 notice to Shields, and he affirmed that the information was accurate. [*Id.* at p. 53-54] The Court also advised Shields that if he later denied the convictions listed in the § 851 notice or claimed that any of the convictions were invalid, he

2011, not October 4, 2011, as the original notice indicated. [*Id.*] These amendments are permissible. *See* 21 U.S.C. § 851(a)(1) ("Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence."); *United States v. King*, 127 F.3d 483, 489 (6th Cir. 1997) (holding that an error in the date of a prior conviction "is the type of error that § 851's clerical mistake provision was designed to alleviate," and citing with approval *United States v. Gonzalez–Lerma*, 14 F.3d 1479, 1482 (10th Cir. 1994), which "specifically rejected the defendant's assertion that the information was defective because it contained the wrong date of conviction and did not include the case number").

could challenge them by filing a written response to the notice, at which point the Court would hold a hearing to resolve any issue raised by his response. [*Id.* at 54-55]

The United States Probation Office prepared a Presentence Investigation Report ("PSR") in advance of the sentencing hearing. The PSR identified the applicable base offense level as 43 under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(a)(1), because Shields was convicted of an offense involving the distribution of drugs that resulted in death or serious bodily injury and had a prior conviction for a "similar offense." The PSR also determined that Shields is a career offender under U.S.S.G. § 4B1.1(a), because he was at least 18 years old at the time he committed a felony controlled substance offense and he has at least two prior felony convictions for controlled substance offenses.[3] The resulting criminal history category is VI under U.S.S.G. § 4B1.1(b). The non-binding guideline sentence range based on a total offense level of 43 and a criminal history category of VI is life imprisonment.

---

[3] Unlike the determination of whether Shields has a prior conviction for a felony drug offense under 21 U.S.C. § 841(b)(1)(C), the inquiry into whether he had two prior felony convictions for controlled substances offenses under U.S.S.G. § 4B1.1, is not restricted to the convictions listed in the government's § 851 notice. *See United States v. Brannon*, 7 F.3d 516, 521 (6th Cir. 1993) ("Because defendant's sentence was enhanced under U.S.S.G. § 4B1.1, the notice requirements of 21 U.S.C. § 851(a)(1) are inapplicable."). According to the PSR, some of Shields' adult convictions include: (i) Trafficking in Cocaine for which he received a two-year term of imprisonment (PSR, ¶ 44; (ii) Trafficking in Cocaine for which he received a one-year term of imprisonment (PSR, ¶ 47); (iii) Trafficking in Cocaine (Reduced) for which he received an eleven-month term of imprisonment; (iv) Possession of Heroin for which he received a two-year term of imprisonment (PSR, ¶ 53); and (v) Possession of Heroin for which he received a six-month term of imprisonment (PSR, ¶ 55). However, they are not all qualifying felony convictions.

The PSR also noted that Shields is subject to statutory penalties. Under the applicable statutory provision, "[i]f any person commits [a violation of 21 U.S.C. § 841] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment . . . ." 21 U.S.C. § 841(b)(1)(C). The PSR indicated that count one is subject to a maximum term of 30 years' imprisonment because Shields has a prior conviction for a "felony drug offense" and count one does not involve death or serious bodily injury. Because the statutory maximum sentence is less than the applicable guideline range, the guideline range for count one becomes 360 months under U.S.S.G. §5G1.1(a). However, because counts two and three involve death and serious bodily injury, they carry a statutory minimum term of life imprisonment, and the guideline sentence range is life imprisonment for those counts.

Shields objects to the determination that he is subject to a mandatory life sentence for counts two and three. He argues that (i) the § 851 notice referenced only count one and did not give him sufficient notice of the government's intent to seek an enhanced statutory penalty for counts two or three; (ii) the convictions listed in the § 851 notice are not prior convictions for "felony drug offenses"; and (iii) imposing a mandatory life sentence in this case would be unconstitutional. Each of these arguments will be addressed in turn.

## II.

The United States must comply with 21 U.S.C. § 851(a) before a defendant's sentence may be enhanced based on a prior conviction for a felony drug offense. This statute states, in relevant part:

No person who stands convicted of an offense under [21 U.S.C. § 841] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1).

The United States' § 851 notice in this case was filed before the superseding indictments adding counts two and three were returned, and specifically referenced count one, the sole count of the indictment at that time. [Record No. 15] Shields contends that the notice, therefore, was limited to count one, and failed to properly notify him that the convictions listed in the § 851 notice could result in enhanced statutory penalties for counts two and three as well. [Record No. 170, p. 3-5] He argues that, because the United States did not file an updated § 851 notice before trial that referenced counts two and three, he cannot receive a statutory mandatory minimum life sentence for those counts. [*Id.*]

The Sixth Circuit has explained that the purpose of § 851 is to "provide the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism." *United States v. King*, 127 F.3d 483, 488 (6th Cir. 1997) (quotations, citations, and alterations omitted). Therefore, when determining whether an § 851 notice is sufficient, "the proper inquiry is whether the government's information provided the defendant reasonable notice of its intent to rely on a particular conviction and a meaningful opportunity to be heard." *Id.* at 488-89. Although it is important to ensure that the government provides the defendant with adequate notice of its intent to seek a sentence enhancement based on prior convictions, it is also important "to avoid elevating form over substance." *Id.* at 489. Other circuits have held that § 851 serves two main functions:

"[f]irst, it allows a defendant to 'contest the accuracy of the information,' and second, it allows a defendant 'to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty plea.'" *United States v. Melton*, 239 F. App'x 192, 194 (quoting *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995)).

Every circuit to consider the issue has held that "where the government files a timely § 851 notice, it is not required to file a second notice after an intervening event, such as a trial or a superseding indictment, in the same case." *United States v. Cooper*, 461 F.3d 850, 854 (7th Cir. 2006) (agreeing with the Eighth, Ninth, Tenth, and Eleventh Circuits); *see also United States v. Powell*, 389 F. App'x 287, 288 (4th Cir. 2010); *United States v. Dickerson*, 514 F.3d 60, 64 n.3 (1st Cir. 2008); *Vadas v. United States*, 527 F.3d 16, 23 (2d Cir. 2007); *United States v. Dwyer*, 16 F. App'x 362, 367 (6th Cir. 2001). This is true even if new charges are added in the superseding indictments. *Cooper*, 461 F.3d at 854. Further, the Sixth Circuit has "regularly held that actual notice satisfies the requirements of Section 851(a)." *United States v. Boudreau*, 564 F.3d 431, 437 (6th Cir. 2009).

Here, the United States complied with the terms of § 851 by timely filing a notice before trial stating in writing the previous convictions to be relied upon in seeking an enhanced punishment. 21 U.S.C. § 851(a)(1). The United States does not now seek to rely on any prior conviction that is not listed in its original § 851 notice, and Shields has had ample opportunity to raise any objection to those convictions. [Record Nos. 15, 122, 172]

Further, Shields' claim that he lacked sufficient notice of the punishment he could receive if convicted on counts two and three to make a fully informed decision about whether

to proceed to trial on those counts is undermined by the actual notice he received. He was informed by his attorney as early as September 15, 2016, that if the United States filed an § 851 notice he could potentially receive a mandatory life sentence. [Record No. 130-1] Next, when he was rearraigned on the first superseding indictment (which added counts two and three), the Magistrate Judge advised Shields of the new charges that were added and the potential penalties they carried. The Magistrate Judge specifically informed Shields that:

> For either of those counts—two and/or three—if you're convicted of that as charged, the penalty then would be at least 20 years of imprisonment up to a maximum of life in prison . . . if you have a prior felony drug conviction properly proven, that does increase the penalties under these counts. A prior drug felony if properly proven would result in either count in a mandatory term of life imprisonment . . . .

[Record No. 47; audio file KYED-LEX__5-16-cr-85-S-DCR-REW-1_20161122_111508]

In short, the § 851 notice timely informed Shields that his prior convictions for trafficking in cocaine and possession of heroin may be qualifying convictions that could be used to enhance his sentence under 21 U.S.C. § 841(b)(1). He was given every opportunity to contest those convictions, and to raise any objections. And he was informed that, if he had a qualifying prior conviction, he would be subject to a mandatory term of life imprisonment for counts two and three. Under these circumstances, the United States satisfied its obligation to provide Shields with "reasonable notice of its intent to rely on a particular conviction and a meaningful opportunity to be heard." *King*, 127 F.3d at 89. The United States' § 851 notice is sufficient as to all counts.

### III.

Shields next argues that the United States' § 851 notice fails to list a qualifying felony drug offense. [Record No. 170, p. 5-9] The government's § 851 notice relies on three prior

convictions: (i) a 2007 conviction for trafficking in cocaine under Ohio Revised Code ("ORC") § 2925.03, resulting in a sentence of one year of imprisonment; (ii) a 2009 Ohio conviction for trafficking in cocaine under ORC § 2925.03, resulting in a sentence of eleven months of imprisonment; and (iii) a 2011 Ohio conviction for possession of heroin under ORC § 2925.11, resulting in a sentence of six months of imprisonment.  [Record Nos. 15, 172]  The United States later clarified that it seeks to rely only on Shields' 2007 conviction for trafficking in cocaine.  [Record No. 179]  Shields is subject to a mandatory life sentence if this conviction is a prior conviction for a "felony drug offense."  21 U.S.C. § 841(b)(1)(C) ("If any person commits [a violation of 21 U.S.C. § 841] after a prior conviction for a felony drug offense has become final . . . if death or serious bodily injury results from the use of such substance [such person] shall be sentenced to life imprisonment . . . .").

"The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct *relating to narcotic drugs*, marihuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44) (emphasis added).  Shields does not dispute that cocaine is a "narcotic drug" within this definition.  21 U.S.C. § 802(17)(D). Likewise, he does not dispute that his 2007 conviction for trafficking in cocaine under ORC § 2925.03(A)(2), was a fourth degree felony punishable by a maximum term of eighteen months' imprisonment under ORC § 2929.14(A)(4).  The Sixth Circuit has held that a violation of ORC § 2925.03 that is punishable by more than twelve months imprisonment constitutes a "felony drug offense" under 21 U.S.C. § 802(44).  *United States v. Lockett*, 359 F. App'x 598, 600, 604-06 (6th Cir. 2009); *see also United States v. Graham*, 622 F.3d 445,

457 n.12 (6th Cir. 2010) (stating that a prior conviction would be a felony drug offense if the defendant was convicted of violating ORC § 2925.03, and the state sentencing court had discretion to sentence the defendant to imprisonment of more than one year).

However, Shields contends that the Court should reach a contrary conclusion by employing the "categorical approach" used in the context of the career offender provisions of the Armed Career Criminal Act. He contends that, under the categorical approach, a conviction for trafficking in cocaine under ORC § 2925.03, does not count as a "felony drug offense" under 21 U.S.C. § 841(b)(1), because it is broader than the definition of "felony drug offense" set forth in 21 U.S.C. § 802(44). [Record No. 170, p.5] Specifically, Shields asserts that Ohio courts have held that a defendant can be convicted of "offering to sell a controlled substance" under ORC § 2925.03(A)(1), even if the substance the defendant in fact sells contains no controlled substance. [*Id.* at 7 (citing *State v. Lee*, 97 Ohio App. 3d 197, 201 (1994))] As a result, Shields argues that a defendant hypothetically could be convicted under ORC § 2925.03, for conduct that is not actually related to a narcotic drug, steroid, marihuana, stimulant, or depressant under 21 U.S.C. § 802(44), and so the statute is overbroad and cannot be considered a "felony drug offense."

There are several problems with this argument. First, every member of this Court to consider the issue has held that the categorical approach does not apply to the determination of whether a prior conviction is a "felony drug offense" under 21 U.S.C. § 802(44). *See Leonard v. Ormond*, 17-cv-191, 2017 WL 6503622, *4 (E.D. Ky. Dec. 19, 2017) (Bunning, D.J.); *Stone v. Butler*, 17-cv-152, 2017 WL 5618289, *2 (E.D. Ky. Nov. 20, 2017) (Caldwell, C.J.); *see also United States v. Wing*, 5: 13-cr-87, 5: 16-cv-09, 2016 WL 3676333, *2 (E.D.

Ky. July 7, 2016) (Hood, S.J.).  This Court's prior opinions have explained that, unlike in the context of the career offender provisions, "to qualify as a 'felony drug offense' no detailed comparison of elements is required—it need only be determined that the prior offense 'related to' controlled substances.  21 U.S.C. § 802(44).  Given the breadth of this definition the use of the categorical approach is neither necessary nor appropriate."  *Stone*, 2017 WL 5618289, *2 (citing *United States v. Graham*, 622 F.3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs.  The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."))  The undersigned fully agrees with this analysis.  Accordingly, the categorical approach does not apply in this case, and Shields' conviction for trafficking in cocaine under ORC § 2925.03 qualifies as a felony drug offense under 21 U.S.C. § 802(44).

But even if the categorical approach did apply, Shields' argument would fail.  The Ohio case on which Shields relies held that a defendant that offered to sell a person drugs, but in fact sold counterfeit drugs, could be convicted of offering to sell a controlled substance in violation of ORC § 2925.03(A)(1), because "[a] person can 'offer to sell a controlled substance' in violation of R.C. 2925.03(A)(1) without transferring a controlled substance to the buyer."  97 Ohio App. 3d at 200 (quoting *State v. Scott*, 432 N.E.2d 798 (Ohio 1982)).  However, Shields' 2007 trafficking in cocaine conviction was *not* for offering to sell a controlled substance in violation of ORC § 2925.03(A)(1), but rather for preparing for shipment, shipping, transporting, delivering, preparing for distribution, or distributing crack

cocaine in an amount that equaled or exceeded one gram but was less than five grams, with knowledge that it was intended for sale or resale, in violation of ORC § 2925.03(A)(2). The Court has found no authority indicating that a defendant can be convicted under this provision for conduct that does not actually relate to drugs. Indeed, the amount of crack cocaine involved in Shields' offense made it a fourth degree felony rather than a fifth degree felony under ORC § 2925.03(C)(4)(c). The Supreme Court of Ohio has held that for a criminal penalty enhancement based upon the identity and amount of the controlled substance involved to apply, the offense conduct must actually involve the controlled substance. *State v. Chandler*, 846 N.E.2d 1234, 1238 (Ohio 2006).

Accordingly, Shields' 2007 conviction for trafficking in cocaine under ORC § 2925.03(A)(2), is a "felony drug offense" under 21 U.S.C. § 802(44).[4] His offense was related to cocaine and punishable by imprisonment for more than one year, which is all that is required under 21 U.S.C. § 802(44). And even if the categorical approach applied to this issue, which it does not, the result would not change because ORC § 2925.03(A)(2), is not

---

[4] Shields also objected to the PSR's determination that his base offense level is 43 under U.S.S.G. § 2D1.1(a)(1), on the basis that even if his prior convictions for trafficking in cocaine and possession of heroin are for "felony drug offenses" under 21 U.S.C. § 841(b)(1)(C), they are not "similar" to the instant offense under U.S.S.G. § 2D1.1(a)(1), because they did not involve death or serious bodily injury. However, he subsequently submitted a notice acknowledging that the Sixth Circuit rejected this argument in *United States v. Johnson*, 706 F.3d 728, 731 (6th Cir. 2013), holding that the term "similar offense" under U.S.S.G. § 2D1.1(a)(1), is synonymous with the term "felony drug offense" under 21 U.S.C. § 841(b)(1)(C). [Record No. 169] Because Shields' 2007 conviction for trafficking in cocaine is a "felony drug offense" under 21 U.S.C. § 841(b)(1)(C), Shields has a prior conviction for a "similar offense" under U.S.S.G. § 2D1.1(a)(1), and his objection to the PSR will be overruled.

overbroad as compared to the definition set forth in 21 U.S.C. § 802(44). As a result, Shields is properly subject to enhanced statutory punishment under 21 U.S.C. § 841(b)(1)(C).

## IV.

Finally, Shields makes three arguments against applying the statutory mandatory life sentence in this case that he concedes are foreclosed by Sixth Circuit precedent: (i) any mandatory statutory sentence is merely advisory because 18 U.S.C. § 3553(a), supersedes 21 U.S.C. § 841(b)(1); (ii) a mandatory life sentence under 21 U.S.C. § 841(b)(1), violates the due process and equal protection clauses of the United States Constitution's Fifth Amendment; and (iii) a mandatory life sentence under 21 U.S.C. § 841(b)(1), violates the Eighth Amendment's protection against cruel and unusual punishment. [Record No. 170, p. 10-14]

As Shields admits, the Sixth Circuit has explicitly rejected each of these arguments. *See United States v. Senter*, 424 F. App'x 443, 446 (6th Cir. 2011) ("On several occasions, criminal defendants have asked us to conclude that § 3355(a) trumps mandatory minimum sentences, and each time we have answered the same way: no."); *id.* at 447 ("Nor does [a] mandatory life sentence [under 21 U.S.C. § 841(b)(1)] violate the United States Constitution. It is consistent with the Fifth Amendment's guarantee of due process. . . . It does not deprive defendants of the equal protection of the laws. It does not run afoul of the Eighth Amendment's prohibition against cruel and unusual punishments.") (citations omitted). Accordingly, Shields' arguments against the application of a mandatory life sentence in this case are unavailing for the reasons previously stated by the Sixth Circuit.

**V.**

Shields was provided with sufficient notice of the United States' intent to seek enhanced statutory punishment if he was subsequently convicted of any of the charges contained in the third superseding indictment. The 2007 conviction for trafficking in cocaine listed in the United States' § 851 notice is a felony drug offense, and supports the application of a statutory enhanced punishment under 21 U.S.C. § 841(b)(1)(C). Imposing the mandatory minimum life sentence required by that provision does not violate the Constitution. Accordingly, it is hereby

**ORDERED** that Defendant Robert Lee Shields's Objection to Statutory Enhanced Penalty [Record No. 170] is **OVERRULED**.

This 25th day of January, 2018.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**