UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 16-085-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 25-181-DCR-EBA |
| V. | ) | |
| | ) | |
| ROBERT LEE SHIELDS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Robert Lee Shields has filed this *pro se* motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his conviction and sentence. [Record No. 335] Shields raised seven grounds for relief, including claims of ineffective assistance of counsel, alleged errors during his trials, and actual innocence. [Record Nos. 335, 335-2] The United States has responded, objecting to Shields' requested relief and Shields has filed a reply.[1] [Record Nos. 342, 348, 360 and 354]

Consistent with local practice, Shields' § 2255 petition was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, United States Magistrate Edward B. Atkins recommended that Shields' motion for habeas relief be denied and that no Certificate of

---

[1] In its initial response, the United States addressed the claims Shields raised in his motion [Record No. 335] but not those added in the § 2255 forms attached to his motion. [Record No. 335-2]. As a result, the United States Magistrate Judge directed the United States to file a response to the claims not yet addressed and reset the briefing deadlines accordingly. [Record No. 347] The United States subsequently filed a second response [Record No. 348] and Shields filed a reply to that response [Record No. 350].

Appealability be issued. [Record No. 356] Shields objected to the recommendation. [Record No. 359]

The Court makes *de novo* determinations of those portions of a magistrate judge's recommendation to which particularized objections are made, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, courts review objections that merely "reiterate [a party's] original arguments," for clear error. *United States v. Ickes*, Criminal Action No. 1: 15-0004, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citing *Manigualte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009)).

Having reviewed Shields' objections *de novo*, the Court agrees with Magistrate Judge Atkins that his claims are without merit. Thus, for the reasons more fully outline below, the Court will adopt the R&R and decline to issue a Certificate of Appealability.

## I. Background

Facts relevant to the case and to Shields' § 2255 motion were aptly summarized by Sixth Circuit when it considered his most recent appeal:

> On August 24, 2016, Defendant-Appellant Wesley Hamm, his wife Jennifer Hamm, and their friend Matt Jones traveled from Mt. Sterling, Kentucky to Cincinnati, Ohio to purchase drugs from Defendant-Appellant Robert Shields. Hamm used money provided to him by his roommate and local drug dealer, Tracey Myers, to purchase what he thought was fentanyl.
>
> . . .
>
> Upon returning to Mt. Sterling, Hamm kept some of the drugs for himself and gave the rest to Myers. Later that evening, Myers sold drugs to a man we will

call L.K.W. Within hours, L.K.W. overdosed and died. It is undisputed that L.K.W. died as a result of ingesting carfentanil supplied to him by Myers.

Law-enforcement officers traced the drugs back to Myers, who confessed to having sold what she believed was heroin or fentanyl to L.K.W. Myers was arrested for drug trafficking. Police also arrested Hamm on outstanding warrants. Hamm admitted to buying what he believed to be fentanyl on August 24, 2016, and he identified Shields as his supplier. Investigators arranged a controlled buy between Hamm and Shields, and they arrested Shields upon his arrival. Shields admitted to having sold fentanyl on several occasions.

Following her arrest, Myers smuggled drugs into the Montgomery County Jail. There, she provided these drugs to three of her female cellmates. All three women overdosed, but because jail personnel were able to promptly administer naloxone, each survived. The women tested positive for carfentanil. Myers committed suicide one week later.

   . . .

A grand jury indicted Shields, Hamm, and Jennifer with conspiracy to distribute carfentanil, fentanyl, and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment also charged Shields and Hamm with separate counts of distributing carfentanil, "the use of which resulted in the overdose death of L.K.W." and in "serious bodily injury" to the three women in the Montgomery County Jail, in violation of § 841(a)(1), (b)(1)(C). Jennifer pled guilty to the conspiracy charge and received a 23-month sentence, but Hamm and Shields went to trial and were tried as codefendants.

At trial, the jury was instructed that it could find Hamm and Shields guilty of distributing carfentanil resulting in death or serious bodily injury by either finding that defendants "personally" distributed carfentanil, or that they were vicariously liable for Myers's distribution to L.K.W. under the *Pinkerton* doctrine. *Pinkerton v. United States*, 328 U.S. 640 (1946). Ultimately, the jury found Hamm and Shields guilty and convicted them both of one count of conspiracy to distribute controlled substances and two counts of distributing carfentanil. *See* 21 U.S.C. §§ 841(a)(1), 846. On the latter two counts, the jury applied the statutory sentencing enhancement under 21 U.S.C. § 841(b)(1)(C) for distribution resulting in death or serious bodily injury ("the death-or-injury enhancement"). This resulted in a mandatory minimum sentence of 20 years for Hamm and a mandatory life sentence for Shields, who had a prior felony drug conviction. *See id.* § 841(b)(1)(C). The district court sentenced Hamm to 35 years' imprisonment and Shields to life.

Hamm and Shields appealed their convictions and sentences. Among other things, they challenged the sufficiency of the evidence and the trial court's jury

instructions on the § 841(b)(1)(C) sentencing enhancement. With respect to Hamm's and Shields's substantive distribution convictions, we held that a reasonable juror could have found that the carfentanil Myers sold to L.K.W. was the same substance that Shields sold to Hamm and that Hamm distributed to Myers. *Hamm*, 952 F.3d at 739. But with respect to the application of the death-or-injury enhancement to the defendants' sentences, we concluded that the district court's jury instructions misstated the law. *Id.* at 741. Although the jury could find Hamm and Shields liable for distribution under *Pinkerton*, applying the death-or-injury enhancement required more: the jury needed to find that Hamm and Shields were personally in the distribution chain for the same carfentanil Myers distributed to L.K.W. and her cellmates. *Id.* at 747. Accordingly, we affirmed Hamm's and Shields's convictions, but vacated their sentences and remanded for a new trial "solely on the question of whether to apply § 841(b)(1)(C)'s sentencing enhancement on the distribution counts." *Id.* at 734.

On remand, the government sought the § 841(b)(1)(C) sentencing enhancement only for L.K.W.'s death. It did not seek the enhancement for the serious bodily injury suffered by Myers's three cellmates. At trial, the district court explained to the jury that its role was only to decide whether Shields and Hamm were in the distribution chain for the same carfentanil that led to L.K.W.'s death. The jury ultimately found that Hamm and Shields were within the chain of distribution and returned a verdict applying the death-or-injury enhancement to Hamm's and Shields's underlying distribution convictions. The district court then sentenced Shields to 480 months' imprisonment with six years' supervised release and sentenced Hamm to 480 months' imprisonment with three years' supervised release.

*United States v. Hamm*, Case Nos. 21-6165/6186, 2023 WL 3244975, at *1–2 (6th Cir. May 4, 2023) (internal footnotes and record citations omitted) [hereinafter *Hamm II*].

Shields also appealed the jury's verdict from his second trial, in which he challenged the sufficiency of the evidence, the jury instructions regarding their decision to apply the § 841(b)(1)(C) death-or-injury enhancement, and the district court's denial of his motions for a severed trial and for a mistrial. *Id.* at *3–9. The Sixth Circuit found these arguments unconvincing and affirmed the second jury's verdict. *Id.*

## II.  The Legal Standard

To prevail on a § 2255 claim the movant bears the burden of showing that: (1) the conviction resulted from an error of constitutional magnitude; (2) the sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid.  *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003).  If the movant alleges a constitutional error, he or she must establish that the error "had a substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).  For a non-constitutional error, the movant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process."  *Id*. (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Further, a § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence.  *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

## III.  Analysis

Shields' alleges seven grounds for relief in his motion in which he essentially contends that his trial attorneys were ineffective, the district court purported committed errors during his trials, and that he is actual innocence.  [Record Nos. 335 and 335-2]  Shields contends in his first two asserted grounds for relief that his attorneys in his first and second trials were ineffective.  In his third ground, Shields asserts that he is actually innocent of the conspiracy charge because the government failed to established a causal link with the drug associated with L.K.W.'s death.  And in the remaining grounds for relief, Shields challenges whether the

government proved that the substances he sold L.K.W. were a "but-for cause" of death, the *Pinkerton* Doctrine, and advances a purported due process violation by the court for denying his motion for severance and a mistrial. [*Id.*] Magistrate Judge Atkins recommended denying Shields' § 2255 motion because the defendant failed to show deficient performance or actual prejudice regarding his ineffective assistance of counsel claims. The Magistrate Judge further concludes that Shields' remaining arguments have been previously considered and rejected as meritless by the Sixth Circuit. And he determines that Shields has not presented a valid basis for relief. [Record No. 356 at 4]

### Ineffective Assistance of Counsel Claims

To succeed on these claims, *Strickland* requires that Shields show deficient performance by counsel *and* that such "performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id.* at 689. Therefore, Shields must demonstrate that his counsel "made errors so serious that [counsel was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To establish prejudice, he must show that absent counsel's errors, the outcome of his proceedings would have been different. *Id.* at 694–95.

As Magistrate Judge Atkins found, Shields fails to establish either deficient performance *or* actual prejudice. [Record No. 356 at 4] Shields generally objects, arguing that the R&R overlooks his Reply, trial deficiencies, appellate counsel's performance, and the alleged impact of these deficiencies on the verdict. [Record No. 359 at 2]

-6-

### 1.    Alleged Failure to Specify All Grounds for Rule 29 Motion

Under Rule 29 of the Federal Rules of Criminal Procedure, a defendant may move for "a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In evaluating such a motion, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

Shields' objection merely reiterates his § 2255 argument that his counsel failed to raise all available grounds in a Rule 29 motion for judgment of acquittal. [Record No. 359 at 2; *See* Record No. 335 at 4] He contends that, if his counsel had properly raised these issues, the undersigned would have been required to assess the sufficiency of the evidence on each omitted ground. [Record No. 359 at 2] And he contends that counsel failed to raise an argument based on the Sixth Circuit's decision in *United States v. Ewing*, 749 Fed.Appx. 317 (6th Cir. 2018), and that this omission prejudiced him by preventing review of a determinative legal issue. [*Id.*] Shields also argues that the Magistrate Judge was incorrect in concluding that his counsel's failure to challenge foreseeability did not prejudice him. [*Id.* at 3]

These objections merely restate arguments already addressed in the R&R. The Magistrate Judge considered Shields' Rule 29 arguments but reasonably concluded that neither of his attorneys rendered ineffective assistance. [Record No. 356 at 6–8] Shields asserts that no reasonable juror could have found him guilty of the death-or-injury sentencing enhancement because, while the indictment charged him with conspiracy to distribute fentanyl, carfentanil, and heroin, L.K.W.'s toxicology report indicates that he had methamphetamine and carfentanil in his blood. [R. 335 at pg. 4] In *Ewing*, the Sixth Circuit reversed because

there was an unexplained evidentiary gap between the drugs distributed (heroin mixed with fentanyl) and the drug that appeared to cause the victim's death (fentanyl alone). 749 Fed.Appx at 329. Here, by contrast, the death-or-injury enhancement applied to Shields' distribution charge referenced only carfentanil. [Record No. 265] Accordingly, any discrepancy between the drugs involved in the conspiracy to distribute conviction and those identified in L.K.W.'s toxicology report is immaterial. Simply put, Shields' reliance on *Ewing* is misplaced. Further, the Sixth Circuit held that substantial evidence supported the jury's verdict because a reasonable juror could conclude that carfentanil and methamphetamine combined caused L.K.W.'s death and that the death would not have occurred without carfentanil's marginal effect. *United States v. Hamm*, 952 F.3d 728, 738 (6th Cir. 2020) [hereinafter *Hamm I*]. Because the underlying argument lacks merit, Shields cannot establish deficient performance or prejudice by his counsel's failure to raise it. *Chapman v. United States*, 74 F.Appx. 590, 593 (6th Cir. 2003) ("Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation.").

The Magistrate Judge also correctly rejected Shields' foreseeability argument. A defendant may be convicted of conspiracy without knowing every unlawful objective, so long as he knows some of them. *United States v. Lanni*, 970 F.2d 1092, 1093 (6th Cir. 1992). Moreover, because a reasonable juror could find Shields part of a conspiracy to distribute controlled substances, his lack of knowledge of Myer's alleged actions is immaterial to Count I. *United States v. Williams*, 998 F.3d 716, 729 (6th Cir. 2021) (citation omitted) ("We have repeatedly held that the government need not prove *mens rea* as to the type and quantity of the drugs in order to establish a violation of §§ 841 and 846." (internal quotation marks omitted)). Shields, therefore, fails to show actual prejudice at the first trial.

-8-

The same is true regarding the second trial due to its limited scope. The Sixth Circuit remanded "on the sole issue of whether to apply the § 841(b)(1)(C) death-or-injury [sentencing] enhancement to" the distribution counts. *Hamm I* at 748. And the jury found "beyond a reasonable doubt that Hamm and Shields were in the chain of distribution for the same carfentanil that resulted in L.K.W.'s death." *Hamm II* at *3. Thus, even if Shields' attorney had raised a foreseeability defense, it would not have affected the jury's decision. Shields therefore cannot show prejudice in the second trial.

### 2.    The Alleged Failure to Make a Rule 33 Motion

Shields objects generally to the Magistrate Judge's recommendation and reiterates his argument that counsel rendered ineffective assistance by failing to move for a new trial under Rule 33(a) of the Federal Rules of Criminal Procedure. [Record No. 359 at 3; *see* Record No. 335 at 4] He asserts in his § 2255 motion that the undersigned would have overturned the verdict had counsel filed the motion. [Record No. 335 at 4]

The Magistrate Judge properly rejected this claim. Rule 33(a) enables a criminal defendant to move for a new trial, and a court may grant the motion if "justice so requires." "[I]t is widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). Given the Sixth Circuit's express finding that sufficient evidence supported both jury verdicts, a Rule 33 motion was unlikely to succeed. *Hamm I* at 736–39; *Hamm II* at *3–4. Accordingly, Shields failed to prove actual prejudice.

### 3.    The Alleged Violation of the *McCoy* Rule

Shields also generally objects to the Magistrate Judge's conclusion that counsel did not violate *McCoy* during the second trial by referencing his prior convictions during closing

argument.   [Record No. 359 at 3] This objection against restates his original argument. [Record No. 335 at 5] In *McCoy v. Louisiana*, the Supreme Court "held that the Sixth Amendment gives a defendant the right to insist that counsel refrain from admitting guilt over the defendant's objection, even when counsel believes that it is in the defendant's best interest to concede guilt to avoid a harsh sentence." *Hood v. Buchanan*, No. 19-3502, 2019 WL 6445407, at *2 (6th Cir. Oct. 3, 2019) (citing *McCoy v. Louisiana*, 584 U.S. 414, 426–28 (2018)).

As the Magistrate Judge explained, counsel's acknowledgement of Shields' prior conviction was reasonable given the narrow scope of the second trial, which focused solely on whether Shields was in the distribution chain for purposes of the death-or-injury enhancement. [Record No. 356 at 10–11]  Counsel's strategic decision does not fall outside the wide range of professionally competent assistance.  *Strickland*, 466 U.S. at 690.  Accordingly, Shields fails to demonstrate deficient performance or resulting prejudice.

### The Claim of Actual Innocence

Shields objects to the Magistrate Judge's conclusion that he failed to establish actual innocence.  [Record No. 359 at 4] Instead, he asserts that he presented new evidence and arguments demonstrating factual innocence and that the Government failed to prove essential elements of the offense.  [*Id.*]  Shields further contends that the R&R failed to address the trial record and the alleged lack of legally sufficient proof.  [*Id.*]

Shields argued in his § 2255 motion that he is actually innocent of the conspiracy charge and that the death-or-injury sentencing enhancement does not apply because the Government failed to establish a causal link between him and the drugs associated with L.K.W.'s death. [Record No. 335 at 7]  This argument again relies on an analogy to *Ewing*.  [*See id.*]  The

Magistrate Judge already addressed and rejected this argument when analyzing Shields' ineffective assistance of counsel argument regarding the Rule 29 motion. [Record No. 356 at 6–7] The Magistrate Judge correctly concluded that the analogy to *Ewing* fails because the death-or-injury enhancement applied to Shields' distribution charge (Count II) and referenced only carfentanil. As a result, any discrepancy between the drugs involved in the conspiracy conviction and those identified in L.K.W.'s toxicology report is irrelevant.

Shields presents no new evidence or arguments. *See Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995) (to establish actual innocence, movant must present new, "credible" evidence and establish that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt") Moreover, with respect to the death-or-injury enhancement and any challenge to the reasonableness of his sentence, the Sixth Circuit has already determined that the enhancement was properly applied, rendering Shields' sentence reasonable. *Hamm II* at *4–6. Accordingly, Ground Three's arguments fail.

### The Remaining Claims

Magistrate Judge Atkins concluded that Shields' remaining grounds for relief (i.e., challenging whether the government proved that the drugs he sold L.K.W. were a 'but-for cause' of death (Ground Four), the *Pinkerton* Doctrine (Grounds Five and Six), and a purported due process violation by the Court for denying his motions for severance and for a mistrial (Ground Seven)) are unavailing. [Record No. 356 at 12] Instead, he determined that these arguments are merely an attempt to relitigate issues already raised and rejected on direct appeal by the Sixth Circuit. Moreover, they are not tied to any ineffective assistance of counsel claim. [Record No. 356 at 12 (citing *Hamm I* at 738; *Hamm II* at *2–9)] As the Sixth Circuit has made clear, "a § 2255 motion may not be employed to relitigate an issue that was raised and

considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Davis v. United States*, 417 U.S. 333, 345 (1974); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996)).

Shields does not appear to object to the Magistrate Judge's conclusions regarding his arguments in Ground Four. However, the Court agrees with the Magistrate Judge's conclusion as the Sixth Circuit expressly addressed—and rejected—Shields' "but-for-cause" argument. *Hamm I* at 738. With respect to Ground Seven, Shields' claims that the district court violated his due process rights by denying his motion for severance and for a mistrial was also raised and rejected on appeal. In *Hamm II*, the Sixth Circuit held that the district court did not err in denying severance or a mistrial following testimony regarding Hamm's alleged witness tampering. *Hamm II* at 6–9 ("We disagree and affirm the district court's decisions not to sever Defendants' trials or grant a mistrial."). Therefore, Shields' arguments in Grounds Four and Seven were considered and rejected on direct appeal. And because Shields does not identify any exceptional circumstance—such as an intervening change in the law—those issues will not be relitigated as part of his § 2255 motion.

Shields specifically objects to the Magistrate Judge's conclusion with respect to his *Pinkerton* Doctrine arguments found in Grounds Five and Six. He contends that the Sixth Circuit did not consider his specific claims that the doctrine was unconstitutional as applied to him. [Record No. 359 at 5] He further argues that the Pinkerton Doctrine's standard was used to "taint the judgment of the jury." [*Id.* at 6] The appellate court in *Hamm I* examined whether Jury Instruction No. 17 improperly allowed *Pinkerton* liability to trigger the § 841(b)(1)(C) death-or-injury enhancement. *Hamm I* at 744. The court held that the jury

-12-

instruction misstated the law because *Pinkerton* liability may only apply to the substantive offense, not the sentencing enhancement. *Id.* However, it does not appear that Shields raised the argument that *Pinkerton* was unconstitutionally applied to him in *Hamm I*. The Sixth Circuit explained that Shields and Hamm "do not dispute that the jury could use *Pinkerton* to hold them liable, as Tracey Myers's co-conspirators, for her substantive offenses of distributing carfentanil to L.K.W. and to her cellmates." *Id.* at 745. Instead, their challenge concerned only their liability for the death-or-injury enhancement. *Id.* However, the Sixth Circuit did states that "the jury could find Hamm and Shields liable for distribution under *Pinkerton*…" *Hamm I* at 747. Furthermore, the appellate court did address Shields' constitutionality of the application of the *Pinkerton* Doctrine in *Hamm II*. The court summarizes that in the first trial, "the jury was instructed that it could find Hamm and Shields guilty of distributing carfentanil resulting in death or serious bodily injury by either finding that defendants "personally" distributed carfentanil, or that they were vicariously liable for Myers's distribution to L.K.W. under the *Pinkerton* doctrine." *Hamm II* at *2 (citing *Pinkerton*, 328 U.S. 640). His argument that that the "judgment of the jury was tainted" was addressed and rejected on direct appeal. *See Hamm II* at *5–6 ("Specifically, Hamm and Shields contend that both *Hamm* and *Swiney*, taken together, required the district court to explain that Defendants' substantive distribution convictions were predicated on Myers's distribution under the *Pinkerton* doctrine.").

Accordingly, Shields' *Pinkerton* arguments merely seek to relitigate issues already raised and rejected on direct appeal by the Sixth Circuit. Grounds Five and Six fail because Shields identifies no intervening change in the law that would warrant reconsideration.

-13-

**The Request for an Evidentiary Hearing and Appointment of Counsel**

Shields requests that the Court hold an evidentiary hearing and that counsel be appointed to represent him.  [Record No. 350 at 1]

Section 2255 provides that "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  The Sixth Circuit has recognized that when a movant alleges facts that entitle him to relief, "a district court may only forego a hearing where 'the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (citation omitted).

Shields is not entitled to evidentiary hearing because his claims fail to allege facts that entitle him to relief or are contradicted by the record.  Moreover, Shields has no constitutional right to counsel in habeas proceedings *see United States v. Randall*, No. 1:03-cr-246, 2013 WL 12415218, at *1 (E.D. Tenn. Oct. 29, 2013) (collecting cases), and the Court is not required to appoint counsel in the absence of an evidentiary hearing.  *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("*If an evidentiary hearing is warranted*, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." (emphasis added)).  Because an evidentiary hearing is not required, Magistrate Judge Atkins correctly concluded that the Court need not appoint Shields counsel in this matter.

**Certificate of Appealability**

A Certificate of Appealability may issue only where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the movant demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Shields has not made a "substantial showing" regarding a denial of his constitutional rights. Further, reasonable jurists would not find this Court's determination on the issues Shields raises debatable.

## IV. Conclusion

Based on the foregoing, it is hereby **ORDERED** as follows:

1.    The United States Magistrate Judge Edward B. Atkins' Report and Recommendation [Record No. 356] is **ADOPTED** and **INCORPORATED** in full.

2.    Defendant/Movant Shields' objections to the Report and Recommendations [Record No. 359] are **OVERRULED**.

3.    Defendant/Movant Shields' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Record No. 335] is **DENIED**.

4.    Defendant/Movant Shields' request for an evidentiary hearing and to be appointed counsel [Record No. 350] is **DENIED**.

5.    Defendant/Movant Shields' claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

6.    A Certificate of Appealability will not issue.

Dated:  January 15, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky