UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 16-085-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 25-181-DCR-EBA |
| ) | |
| ROBERT LEE SHIELDS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

*** *** *** ***

The Court denied Defendant/Movant Robert Lee Shields' motion to vacate his sentenced pursuant to 28 U.S.C. § 2255 and denied a certificate of appealability on January 15, 2026. [Record No. 360] Shields the appealed that denial to the United States Court of Appeals for the Sixth Circuit on February 5, 2026. [Record No. 363] He has now filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Record No. 365] The motion will be denied because Shields has not identified any error of law, newly discovered evidence, intervening change in controlling law, or manifest injustice that would result from a failure to set aside the Court's prior decision.

**I.**

Courts adjudicating motions to reconsider in criminal cases typically evaluate them under the same standards that apply to civil motions to alter or amend judgment pursuant to Rule 59(e). *United States v. Guzman*, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 16, 2019). The Court may grant a Rule 59(e) motion only if the moving party shows "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need

to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). The Sixth Circuit, however, has consistently held that a Rule 59 motion should not be used to either reargue a case on the merits or issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 U.S. Dist. LEXIS 25240, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). Simply put, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id*.

## II.

The threshold issue is whether the Court retains jurisdiction over this action after Shields filed a Notice of Appeal. Generally, the filing of a notice of appeal divests the district court of jurisdiction. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Pittock v. Otis Elevator Co.*, 8 F .3d 325, 327 (6th Cir.1993). However, when a Rule 59(e) motion is timely filed, the notice of appeal does not divest the district court of jurisdiction. *See, e.g United States v. Real Prop. Located at U.S. Highway South*, 23 F App'x 523, 526 (6th Cir.2001) (holding that although the filing of a notice of appeal normally divests a district court of jurisdiction over those aspects of the case involved in the appeal, a timely Rule 59(e) motion tolls the time for filing a notice of appeal, and "[a]ny notice of appeal filed while a Rule 59(e) motion is pending is simply of no effect"); *Johnson v. Epps*, 35 F.3d 566, 1994 WL 445098, at *1 (6th Cir.1994) (unpublished table decision) ("A notice of appeal filed before or during the pendency of a timely motion to alter or amend is ineffective."). Under Rule 59(e), a motion to alter or amend is timely if filed within 28 days of the date the Court enters judgment. And

here, Shields filed his Rule 59(e) motion within that time period. Accordingly, the Notice of Appeal does not divest this Court of jurisdiction.

Shields argues now as he did in his original § 2255 motion, that his counsel was ineffective for failing to challenge the death-or-injury sentence enhancement. [Record No. 365] Specifically, he contends that counsel should have raised an argument based on the Sixth Circuit's decision in *Ewing v. United States*, 749 Fed.Appx. 317 (6th Cir. 2018), asserting that the enhancement does not apply because the government failed to prove the drugs he sold were the but-for cause of L.K.W.'s death. [*Id.* at 1–3] He also argues that the jury instructions were erroneous because they included *Pinkerton* liability. [*Id.* at 3–4] In short, Shields, once again asserts that the death-or-injury enhancement should not apply to him.

However, the Court has already considered and rejected each of these arguments. As explained previously, Shields cannot establish deficient performance or prejudice based on counsel's failure to raise an *Ewing*-based argument because the underlying claim lacks merit. [Record No. 360 at 7–8] The Court also agreed with the Magistrate Judge's conclusion that the Sixth Circuit expressly addressed and rejected Shields' but-for causation argument. [*Id.* at 12 (citing *United States v. Hamm*, 952 F.3d 728, 738 (6th Cir. 2020).)] In addition, the Court considered Shields' challenge to the jury instructions regarding the death-or-injury enhancement and his *Pinkerton* argument and determined that he merely sought to relitigate issues the Sixth Circuit had already rejected on direct appeal. [*Id.* at 12–13] *See United States v. Hamm*, Case Nos. 21-6165/6186, 2023 WL 3244975 (6th Cir. May 4, 2023).

Shields identifies no basis under Rule 59(e) to disturb the Court's prior decision. And Rule 59(e) motion is not a vehicle for relitigating the merits or reasserting arguments that have already been raised and rejected—yet that is precisely what Shields seeks to do here.

### III.

A Certificate of Appealability will not issue with respect to the claims raised in Shields' motion under Rule 59(e). Shields has not made a "substantial showing of the denial of a constitutional right." *Slack v. Daniel*, 529 U.S. 473, 483 (2000) (citing 28 U.S.C. § 2253(c)(2)). Further, reasonable jurists could not debate this Court's conclusions that Shields' claims are without merit or that the issue involved "deserve encouragement to proceed further." *Id.* at 484. Shields also request an evidentiary hearing. [Record No. 365 at 4] However, he has not presented any colorable claims for relief under Rule 59(e) and a hearing is not warranted.

### IV.

For the reasons discussed above, it is hereby

**ORDERED** that Defendant/Movant Shields' Motion to Alter or Amend Judgment Under Rule 59(e) [Record No. 365] is **DENIED**. A Certificate of Appealability will not issue.

Dated: February 12, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky